UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CHARLES AINSCOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-4 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| DANIEL GIBBS AND WILLIAM ENGLE, ) | |
| each sued individually and in their official ) | |
| capacities; JOHN DOES, City of ) | |
| Chattanooga Police Supervisors, ) | |
| each sued individually and in their official ) | |
| capacities, and THE CITY OF ) | |
| CHATTANOOGA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Charles Ainscough's ("Plaintiff") Motion for Order of Stay (Court File No. 18). Plaintiff states Defendant William Engle is currently serving on active military duty and has not been served with process or notice of this action.

Under the Servicemembers Civil Relief Act, the Court may stay an action if either a plaintiff or defendant is in military service and has received notice of the action. 50 U.S.C. Appx. § 522(a).[1]

---

[1] The Court would note Plaintiff cited 50 U.S.C. § 521(a) and (d), which apply to the protection of servicemembers against default judgments, in his request for this stay. Plaintiff has not filed a motion for default judgment in this action, so the Court does not believe this section applies to this matter. Further, Plaintiff cites to two Tennessee Rules of Civil Procedure. Because this case was removed to federal court, the Federal Rules of Civil Procedure now govern this action. Fed. R. Civ. P. 81(c).

Plaintiff has indicated in his motion to stay the case Defendant William Engle has not received notice of this action. However, Defendant William Engle has filed an answer and a motion for summary judgment. Therefore, it would appear Defendant William Engle actually has received notice of the action. However, the statute authorizing this stay additionally requires an application for such a stay include "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear" and "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. Appx. §§ 522(b)(2)(A) & (B). Plaintiff has not included any such letters or communications, or even stated where Defendant William Engle is serving that renders him unavailable to appear in this matter. Further, the statute allows such a stay either on the Court's on its own motion or the application by the servicemember; it does not contemplate a request for such a stay by any other party to the lawsuit.

Therefore, the Court hereby **DENIES** Plaintiff's motion to stay and **DIRECTS** Plaintiff to comply with the statutory requirements in any future applications for a stay of this action.

**SO ORDERED.**

**ENTER:**

                                                                **/s/**
                                            **CURTIS L. COLLIER**
                                **UNITED STATES DISTRICT JUDGE**